# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EILEEN MARIE MERCHANT,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>TINA HORNBEAK, Warden,<br><br>　　　　　Respondent. | Case No. EDCV 08-1119-DOC (JTL)<br><br>MEMORANDUM AND ORDER GRANTING AND DENYING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION WITH LEAVE TO AMEND |

## PROCEEDINGS

On August 15, 2008, Eileen Marie Merchant ("Petitioner"), a prisoner in state custody, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. Section 2254. On October 16, 2008, Tina Hornbeak ("Respondent") filed a Motion to Dismiss Petition for Writ of Habeas Corpus ("Motion to Dismiss"), contending that the Petition should be dismissed because several of the claims alleged therein are unexhausted. Petitioner did not file an Opposition to the Motion to Dismiss.

This matter is now ready for decision.

## BACKGROUND

On June 16, 2003, a jury convicted Petitioner of numerous charges, including felony child endangerment, torture, and assault with a deadly weapon. (See Petition at 2;

Respondent's Lodgment No. 1 at 2; Respondent's Lodgment No. 6 at 2).[1] The trial court sentenced Petitioner to state prison for a term of seven (7) years-to-life with the possibility of parole. (See Petition at 2).

Petitioner appealed her conviction to the California Court of Appeal.[2] (See Respondent's Lodgment No. 1). On January 27, 2005, the court of appeal issued an unpublished opinion affirming Petitioner's conviction as modified to strike the jury's findings as to two great bodily injury enhancement allegations under California Penal Code section 12022.7(d), which were not supported by sufficient evidence. (See Respondent's Lodgment No. 1 at 27-31, 32; see also Respondent's Lodgment No. 6 at 2).

Petitioner then filed a petition for review in the California Supreme Court. (Respondent's Lodgment No. 2). The California Attorney General also filed a petition for review on the issue of whether a great bodily injury enhancement under California Penal Code section 12022.7 can be imposed on a defendant who directly and physically acted in concert with another to cumulatively inflict great bodily injury upon a victim. (See Respondent's Lodgment No. 3). On May 11, 2005, the California Supreme Court granted the California Attorney General's petition for review, but deferred the matter "pending consideration and disposition of a related issue in People v. Modiri, S120238 . . . or pending further order of the court," and deferred submission of additional briefing pending further order from the court. (Respondent's Lodgment No. 4). The California Supreme Court denied Petitioner's petition for review "without prejudice to any relief to which each defendant might be entitled after this court determines in People v. Black, S126182, and People v. Towne, S125677, the effect of Blakely v. Washington (2004) __ U.S. __, 124 S. Ct. 2531, on California law." (Respondent's Lodgment No. 4).

On March 21, 2007, the California Supreme Court transferred the case to the California

---

[1] Petitioner was tried jointly with Michael Gramaje, her co-defendant. (See Respondent's Lodgment No. 1 at 2; Respondent's Lodgment No. 6 at 2). Gramaje's wife, Terri Gramaje, pleaded guilty to torture and other charges, and was sentenced to 25 years-to-life in prison. (Respondent's Lodgment No. 1 at 9 n.2).

[2] Petitioner and Gramaje's appeals from the jury verdicts were consolidated on direct appeal.

Court of Appeal "with directions to vacate its decision and to reconsider the cause in light of People v. Modiri (2006) 39 Cal. 4th 481." (Respondent's Lodgment No. 5). On August 17, 2007, the court of appeal issued an unpublished opinion, finding that, in light of Modiri, the evidence presented at trial supported only one of the jury's two true findings on the allegations of personal infliction of great bodily injury under California Penal Code section 12022.7.[3] (See Respondent's Lodgment No. 6 at 26-29). Accordingly, the court of appeal struck one great bodily injury enhancement allegation, and affirmed Petitioner's conviction as modified. (See id. at 29, 37).

Petitioner then filed a second petition for review of the California Court of Appeal's decision on remand. (Respondent's Lodgment No. 7; see Petition at 4). On November 14, 2007, the California Supreme Court summarily denied the petition for review. (Respondent's Lodgment No. 8).

Petitioner filed the instant Petition on August 15, 2008.

**PETITIONER'S CLAIMS**

1. "Prosecutorial Misconduct."
2. "Exclusion of Evidence."
3. "Upper Term Sentences" in violation of Petitioner's "rights and due process of law guaranteed by the 6th and 14th Amendments to the U.S. Constitution as held in Cunningham v. California."[4]
4. "Instructional Error."
5. "Sufficiency of Evidence."

///
///

---

[3] Petitioner filed a supplemental brief after the California Supreme Court transferred the case back to the court of appeal. (See Respondent's Lodgment No. 6 at 30).

[4] Cunningham v. California, 127 S. Ct. 856 (2007).

**DISCUSSION**

Respondent concedes Claims One and Three are exhausted, but contends that the Petition should be dismissed because Claims Two, Four and Five are unexhausted. (Motion to Dismiss at 3-5). Thus, Respondent argues that the Petition should be dismissed without prejudice as a mixed petition.

A state prisoner must exhaust her state court remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b); Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). Exhaustion requires that a petitioner's contentions be fairly presented to the state courts and disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied sub nom. James v. White, 513 U.S. 935 (1994); see also Davis v. Silva, 511 F.3d 1005, 1008 (9th Cir. 2008); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the petitioner has described in the state court proceedings both the operative facts and the federal legal theory on which her claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); see also Picard v. Conner, 404 U.S. 270, 275-78 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996). A petitioner has the burden of demonstrating that she has exhausted all available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982); Powers v. Ayers, 2008 WL 917473, at *1 (N.D. Cal. Apr. 3, 2008) ("Petitioner has the burden of pleading exhaustion in his habeas petition." (citing Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981), cert. denied, 455 U.S. 1023 (1982))).

Unless the state expressly waives the exhaustion requirement, a federal court <u>cannot</u> grant a state prisoner's habeas petition if the prisoner has not exhausted state remedies with respect to <u>each and every claim</u> contained in the petition. 28 U.S.C. § 2254(b); Reutter v. Crandel, 109 F.3d 575, 578 (9th Cir. 1997) (even petitions containing both exhausted and unexhausted claims are subject to dismissal); Rose v. Lundy, 455 U.S. 509, 522 (1982); Calderon v. United States Dist. Ct., 107 F.3d 756, 760 (9th Cir. 1997). Thus, a federal habeas corpus petition that includes both exhausted and unexhausted claims is a "mixed petition" and should be dismissed in its entirety without prejudice. See Rose, 455 U.S. at 510, 522; see also

Castile v. Peoples, 489 U.S. 346, 349 (1989). "The appropriate time to assess whether a prisoner has exhausted her state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 2000) (quoting Brown v. Mass, 11 F.3d 914, 915 (9th Cir. 1993)).

The Ninth Circuit has recognized that, for purposes of exhaustion, pro se habeas petitions are held to a more lenient standard than counseled petitions. Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003) (citing Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) ("[T]he complete exhaustion rule is not to trap the unwary pro se prisoner.") (quoting Slack v. McDaniel, 529 U.S. 473, 487 (2000))); see also Davis, 511 F.3d at 1009 & n.4.

Respondent contends that Claims Two, Four and Five are unexhausted because Petitioner failed to present the legal theories and supporting facts underlying the claims in her petitions for review in the California Supreme Court. (See Motion to Dismiss at 3-4, 5). In Claim Two, Petitioner raises a claim regarding "Exclusion of Evidence." (Petition at 5). Although Petitioner does not specify the basis for her claim[5], she indicates that she raised Claim Two on direct appeal to the California Court of Appeal and in a petition for review to the California Supreme Court. (See id.). Indeed, in her first petition for review to the California Supreme Court, Petitioner raised the following claim:

> This Court Should Determine Whether Exclusion of Evidence Concerning Threats Made by Co-defendant Terri Gramaje Towards [Petitioner] During the Pendency of the Trial as Irrelevant Was Error Which Denied Merchant Her Right to a Fair Trial in Violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

---

[5] In support of Claim Two, Petitioner states the following:

> People v. Steger - insufficient evidence to justify him guilty of torture[.]
> People v. Cochran - concealment of material information on voir dire causes the preemption of evidence[.]

(Petition at 5).

(Respondent's Lodgment No. 2 at i, 21). In her first petition for review, Petitioner stated that the trial court denied her request to introduce testimony by jail workers and written reports regarding threats from Terri Gramaje, determining that the threats had no relevance to "threats and menace or duress defense." (Id. at 21 (citing RT at 694)). Petitioner argued that the evidence of threats was relevant to establish the relationship she had with Terri Gramaje, specifically, that Petitioner was "dominated by Gramaje during the time the crimes took place," and to establish Petitioner's duress defense by further establishing her state of mind during the proceedings and the "barbaric hold Terri Gramaje had over her." (Id. at 22, 24-25). Thus, Petitioner argued:

> [T]he trial court erred in denying introduction of evidence, resulting in prejudice to [Petitioner] that depriv[ed] her of the right to Due Process of Law Guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. (Depetris v. Kuykendall (9th Cir. 2001) 239 F.3d 1057; Olden v. Kentucky (1988) 488 U.S. 227[.])

(Id. at 21-22). Petitioner also argued that the California Court of Appeal erred in concluding that the evidence of threats was irrelevant and any error in excluding the evidence was necessarily harmless. (See id. at 23-25; see also Respondent's Lodgment No. 1 at 25-27; Respondent's Lodgment No. 6 at 30-33).

Construing Claim Two as raising a claim regarding the trial court's exclusion of evidence of threats Terri Gramaje allegedly made toward Petitioner during the pendency of her trial, the Court concludes that Petitioner sufficiently raised Claim Two before the California Supreme Court so as to render it exhausted. Nonetheless, although the Court finds that Claim Two is exhausted to the extent it pertains to the trial court's exclusion of evidence regarding Terri Gramaje's alleged threats toward Petitioner, if Petitioner chooses to file an amended petition pursuant to the Court's Order herein, Petitioner should properly clarify her claim by clearly stating the claim and providing a clear and concise statement of facts to support the claim. See Rules Governing Section 2254 Cases, Rule 2(c), 28 U.S.C. foll. § 2254 (requiring that a

petition "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," and "state the relief requested").[6]

The Court, however, agrees with Respondent that Claims Four and Five of the instant Petition are unexhausted. In Claim Four, Petitioner raises a claim of "Instructional Error." (See Petition at 6). In support of Claim Four, Petitioner states the following:

> People v. Stansbury - The prosecution improperly appealed to the passion of the jury in urging them to consider the suffering of the victim[.] People v. Johnson[.]

(Id.). Upon review of the record, it appears that Petitioner's prosecutorial misconduct claim on direct appeal to the California Court of Appeal mentioned that the trial court erred in denying Petitioner's motion for mistrial, which was based on prosecutorial misconduct in placing a photograph of the victim on a monitor and addressing the jury as if he was the victim during closing arguments, and declined to admonish the jury to disregard the prosecution's argument. (See Respondent's Lodgment No. 1 at 16-17; Respondent's Lodgment No. 6 at 18). It also appears that Petitioner raised a claim of instructional error in the court of appeal, arguing that the trial court incorrectly instructed the jury according to a modified version of CALJIC No. 17.20, and, thus, the jury's true findings on the enhancement allegations under California Penal Code section 12022.7 must be reversed. (See Respondent's Lodgment No. 6 at 29-30). Petitioner, however, did not raise any claim of instructional error by the trial court, with respect to its denial of Petitioner's request to admonish the jury or CALJIC No. 17.20, or otherwise, in either of her petitions for review to the California Supreme Court. (See Respondent's Lodgment

---

[6] Specifically, Rule 2(c) of the Rules Governing Section 2254 Cases provides as follows:

> (c) Form. The petition must:
> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten, and
> (5) be signed under penalty of perjury by the petitioner[.]

Rule 2(c), 28 U.S.C. foll. § 2254.

Nos. 2, 7). Claim Four, therefore, is unexhausted.

Claim Five is unexhausted for the same reason. In Claim Five, Petitioner challenges the "Sufficiency of Evidence," arguing:

> 1118.1 P.C. entry of judgement [sic] for one or more offenses denied in trial regarding insufficient evidence[.]

(Petition at 6). Although it appears that Petitioner raised a claim in the California Court of Appeal that there was insufficient evidence to support her conviction for torture and the jury's true findings on the enhancement allegations under California Penal Code section 12022.7 (see Respondent's Lodgment No. 1 at 21-24, 27-31; Respondent's Lodgment No. 6 at 22-29), Petitioner raised no claim of insufficient evidence in either of her petitions for review to the California Supreme Court.

In sum, the Court concludes that Claim Two is exhausted, and that Claims Four and Five are unexhausted. The Court, therefore, grants Respondent's Motion to Dismiss in part and denies the Motion to Dismiss in Part.

**ORDER**

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss is **GRANTED** as to Claims Four and Five in the Petition and **DENIED** as to Claim Two. The Petition is **DISMISSED WITH LEAVE TO AMEND**. Petitioner may pursue one of the following options:

(1) First, Petitioner may, within **twenty-one (21) days** of the date of this Order, inform the Court that she elects to abandon her unexhausted Claims Four and Five, and pursue this action solely on the basis of her exhausted claims, by filing a First Amended Petition for Writ of Habeas Corpus ("First Amended Petition") on the approved Central District habeas form that deletes the unexhausted Claims Four and Five. See James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000). The clerk is directed to provide Petitioner with a blank Petition for Writ of Habeas Corpus Form approved by the Central District for this purpose. If Petitioner elects to amend her Petition, the amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely. The First Amended Petition should set

forth a clear statement of each of the constitutional claims raised therein, as well as a clear and concise statement of facts to support each constitutional claim (i.e., identify the specific facts that support each claim).[7] In doing so, however, Petitioner shall not incorporate any brief that she has filed in the California Court of Appeal or the California Supreme Court.

The Court cautions Petitioner that by filing a First Amended Petition in which she abandons her unexhausted Claims Four and Five, Petitioner would risk forfeiture of the deleted claims. If Petitioner later exhausts the deleted claims and wishes to return to federal court, any future federal habeas petition by Petitioner addressing the same conviction may be precluded as successive under 28 U.S.C. Section 2244(a)-(b) or as untimely by the statute of limitations under 28 U.S.C. Section 2244(d).[8]

(2) Second, Petitioner may, within **twenty-one (21) days** from the date of this Order, file a motion requesting that the Court stay the instant Petition. Should she elect to do so, Petitioner must file a Motion to Stay Petition. Additionally, in light of Rhines v. Weber, 544 U.S.

---

[7] See supra n.6.

[8] All habeas petitions challenging a state court conviction are subject to AEDPA's one-year statute of limitations. The one-year statute of limitations is "statutorily tolled" under Section 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, "properly filed" refers to the requirements for filing, not the requirements for obtaining relief. See Tillema v. Long, 253 F.3d 494, 499 (9th Cir. 2001) (applying Artuz v. Bennett, 531 U.S. 4 (2000)). The limitation period "is tolled during the pendency of a state application challenging the pertinent judgment, even if the particular application does not include a claim later asserted in the federal habeas petition." Tillema, 253 F.3d at 502. An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is in continuance – i.e., until the completion of that process." Carey v. Saffold, 536 U.S. 214, 219-20 (2002). The statute of limitations is not tolled between the time a final decision is issued on direct review and the time the first state collateral challenge is filed, because there is no case "pending" during that time. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000). Statutory tolling also does not apply during the pendency of a prior federal habeas petition. See Duncan, 533 U.S. at 181-82.

Further, the Ninth Circuit permits equitable tolling of the statute limitations period only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir.), cert. denied, 526 U.S. 1060 (1999) (petitioner's mental incompetence rendered him unable to assist counsel). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)).

269 (2005), Petitioner should set forth in the motion whether "good cause" exists for Petitioner's failure to exhaust her currently unexhausted Claims Four and Five, and whether Petitioner has been diligent in pursuing relief. The Court will then determine whether a stay and abeyance procedure is available to Petitioner. If the Court grants Petitioner's Motion to Stay Petition, Petitioner may then return to state court and exhaust her currently unexhausted Claims Four and Five. Thereafter, the Petition will be stayed for thirty (30) days following entry of a final judgment by the California Supreme Court on Petitioner's new state petition.

Once the California Supreme Court has decided Petitioner's new state habeas petition, Petitioner may then file a Motion to Amend the instant Petition to add the newly exhausted Claims Four and Five. The Court admonishes Petitioner that she may not raise any newly exhausted claims that were not raised in her original Petition in any future amended federal habeas petition; if Petitioner raises claims that she failed to raise in her original Petition, the statute of limitations may bar the new claims.[9]

(3) Finally, Petitioner may elect to return to state court for the purpose of exhausting her state remedies on all claims and later file another habeas petition in federal court containing only exhausted claims. If Petitioner elects to return to state court for this purpose, Petitioner may, **within twenty-one (21) days** of the date of this Order, inform the Court that she wishes to voluntarily dismiss the entire Petition without prejudice by filing a Notice of Intent to Voluntarily Dismiss Petition.

The Court, however, admonishes Petitioner that any new petition would be subject to the statute of limitations in 28 U.S.C. Section 2244(d).[10] Although 28 U.S.C. Section 2244(d)(2) tolls the limitations period during the pendency of "a properly filed application for State post-conviction or other collateral review," the limitations period would not be tolled during the pendency of the instant federal Petition. Duncan, 533 U.S. at 181-82. Thus, if Petitioner elects to dismiss the Petition and return to state court, any new federal petition may be barred by the

---

[9] See supra n.8.

[10] See supra n.8.

1 one-year statute of limitations unless Petitioner can establish adequate grounds for equitable
2 or statutory tolling.  Accordingly, if Petitioner intends to elect this option, the Court shall prepare
3 a Report and Recommendation for the District Court stating that Petitioner has elected to
4 dismiss the Petition without prejudice.  See Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).

The Court cautions Petitioner that her failure to timely respond to this Order may result in a recommendation that the action be dismissed without prejudice for failure to exhaust state remedies and failure to prosecute.

DATED: December 12, 2008

                                              /s/
                                  JENNIFER T. LUM
                                  UNITED STATES MAGISTRATE JUDGE